**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

BIG TEN CORPORATION; OLD REPUBLIC
LIFE INSURANCE COMPANY,
<u>Petitioners,</u>

v.

No. 98-1678

DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR;
GRADY DINGUS,
<u>Respondents.</u>

On Petition for Review of
Orders of the Benefits Review Board.
(88-2527-BLA)

Argued: March 5, 1999

Decided: July 9, 1999

Before WILKINSON, Chief Judge, and WILKINS and
LUTTIG, Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Laura Metcoff Klaus, ARTER & HADDEN, L.L.P.,
Washington, D.C., for Petitioners. Lawrence Lee Moise, III, VIN-
YARD & MOISE, Abingdon, Virginia, for Respondents. **ON
BRIEF:** Mark E. Solomons, ARTER & HADDEN, L.L.P., Washing-
ton, D.C., for Petitioners.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

In November, 1979, Grady Dingus filed a claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901-945. An ALJ awarded benefits, and the Benefits Review Board affirmed that award. Big Ten Corporation filed two unsuccessful motions for reconsideration with the Board, and then appealed to this court. Because Big Ten Corporation has not appealed from any reviewable order, we dismiss its petition for review for lack of jurisdiction.

In October, 1979, claimant-respondent Dingus retired after almost twenty-five years working as a coal miner. At the time of retirement he was working as a foreman for petitioner Big Ten Corporation. On November 23, 1979, Dingus, who had smoked upwards of half a pack of cigarettes a day for more than two decades, filed a claim with the Department of Labor ("DOL") for benefits under the Black Lung Benefits Act (the "Act"). DOL initially denied the claim, but later changed course, issuing an initial finding of eligibility on February 23, 1981. Big Ten Corporation contested the claim, and the case was referred by the Director, Office of Workers' Compensation Programs, to the Office of Administrative Law Judges. Nearly seven years later, a hearing was finally held before an ALJ. The ALJ concluded that Dingus was entitled to invocation of the "interim presumption" found at 20 C.F.R. § 727.203 and, because Big Ten failed to rebut that presumption, issued a Decision and Order awarding benefits on June 15, 1987.

Big Ten filed a timely appeal from the ALJ's decision to the Benefits Review Board, which issued a Decision and Order affirming the award of benefits on July 16, 1992, five years after the ALJ's decision. Within thirty days of that decision, the employer filed a timely motion for reconsideration of the Board's order. Almost four years later, on May 20, 1996, the Board issued a written Decision and Order

2

denying the motion. Undeterred by the fact that the Board had twice rejected its arguments, and the second time had taken four years to do so, Big Ten Corporation again moved for reconsideration within thirty days, and the Board, acting with what in the history of this case must be considered relative dispatch, summarily denied that motion on March 12, 1998, just under two years after it was filed. On May 6, 1998, Big Ten Corporation filed in this court a petition for review of the denials of the two motions for reconsideration (the May 20, 1996 and March 12, 1998 decisions), some nineteen years after Mr. Dingus applied for benefits.

Several weeks after oral argument, claimant-respondent Dingus, relying on a decision of our sister circuit in Peabody Coal Co. v. Abner, 118 F.3d 1106 (6th Cir. 1997), moved to dismiss the appeal for want of jurisdiction. In Abner, the Sixth Circuit concluded that a second motion for reconsideration will not toll the statutory period for appellate review of an order by the Board. The Sixth Circuit reached this conclusion by analogy to caselaw holding that successive motions to alter or amend a judgment of the district court under Federal Rule of Civil Procedure 59(e), where the first such motion was not granted, will not toll the time within which a notice of appeal must be filed. The Seventh Circuit has reached the same conclusion, but on different reasoning. See Midland Coal Co. v. DOWCP , 149 F.3d 558 (7th Cir. 1998) (holding that second and successive motions for reconsideration did not toll the time to appeal the original decision because "the applicable regulations do not expressly provide for multiple requests to reconsider, followed by an appeal, and § 10(C) of the APA requires such a provision be expressly stated"). Noting this court's recent unpublished order of dismissal of the appeal in Faulkner v. Director, OWCP, No. 98-2519 (4th Cir. Jan. 11, 1999) (order dismissing appeal for lack of jurisdiction), apparently on these grounds, claimant argued that dismissal was required. In response to claimant's motion, the Director urged this court to follow the Sixth and Seventh Circuits and dismiss the appeal, while employer argued that those decisions were wrongly decided and unsupported by either the Act or the regulations implementing it.

We need not reach the question whether a second motion for reconsideration will toll the time for appeal of an original decision, because employer in this case has not appealed from the Board's original

3

judgment. Rather, in its petition for review, Big Ten clearly states that it is petitioning this court for review of the Board's May 20, 1996 and March 12, 1998 orders denying its motions for reconsideration. The relevant jurisdictional question for this court, then, is not whether a second motion for reconsideration tolls the time for appeal of the original decision of the Board, but rather whether employer has appealed from any reviewable decision at all. We hold that it has not, and accordingly dismiss the appeal.

The applicable regulations authorize parties to file requests for reconsideration within thirty days from the filing of a decision or non-interlocutory order, 20 C.F.R. § 802.407, but explicitly commit the decision to grant or deny such requests to the Board's discretion. 20 C.F.R. § 802.409. The Supreme Court has held that "where a party petitions an agency for reconsideration on the ground of `material error', i.e. on the same record that was before the agency when it rendered its original decision, `an order which merely denies rehearing of . . . [the original decision] is not itself review able.'" ICC v. Brotherhood of Locomotive Eng'rs, 482 U.S. 270, 279 (1987) (quoting Microwave Communications, Inc. v. FCC, 515 F.2d 385, 387 n.7 (D.C. Cir. 1974) (alteration in original)). Concluding that it was "irrelevant" that the Interstate Commerce Commission's order denying reconsideration actually discussed the merits of the motion at some length, the Court stated that "[w]here the Commission's formal disposition is to deny reconsideration, and where it makes no alteration in the underlying order, we will not undertake an inquiry into whether reconsideration `in fact' occurred." Id. at 280. In determining whether an order is reviewable, the Court stated that the "formal action, rather than [any] discussion,[i]s dispositive." Id. at 281.

Although in the May 20, 1996 order the Board did discuss, at some length, the merits of Big Ten's motion, that discussion is not, as the Supreme Court noted in Brotherhood of Locomotive Eng'rs, relevant to the jurisdictional question. Because, as employer repeatedly acknowledges in his submissions to this court, the Board's "formal action" in both the May 20, 1996, and March 12, 1998, orders was to deny employer's motions for reconsideration, and because in neither its first nor second motion for reconsideration did employer allege anything other than "material error" on the part of the Board, we lack jurisdiction over appeals from the Board's purely discretion-

ary decisions denying those motions for reconsideration. See Midland Coal Co. v. Director, OWCP, 149 F.3d at 562; Schneider National, Inc. v. Interstate Commerce Comm'n, 948 F.2d 338, 344 (7th Cir. 1991) ("An agency decision to deny reconsideration is dispositive as long as the agency makes no alteration in the underlying order or the petition requesting reconsideration is not based upon new evidence or changed circumstances. This type of decision has been traditionally committed to agency discretion and is unreviewable under 5 U.S.C. § 701(a)(2)."). And, because employer has not appealed the Board's original decision, the only Board action over which jurisdiction even arguably may lie, we must dismiss this appeal for lack of jurisdiction.

DISMISSED